■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C. HAWTHORNE, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Winick, J.), both rendered December 18, 1985, convicting him of burglary in the second degree under indictment No. 58989, and criminal sale of marihuana in the second degree under superior court information No. 60596, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of those branches of the defendant's omnibus motion under indictment No. 58989 which were to dismiss the indictment and to suppress statements he made to police officers.

Ordered that the judgments are affirmed.

We·reject the defendant's contention that a de facto arrest

occurred at the time he made statements to the police for the same reasons stated in our memorandum decision addressing his codefendant's claims *(see, People v Gilyard,* 145 AD2d 568 [decided herewith]). As a result, the trial court properly ruled that his statements would be admissible at trial.

With respect to the statement the defendant made after his arrest and the administration of *Miranda* warnings, we find that the detective's declarative statement "You guy's won't laugh so much. We found fingerprints at the scene" was not specifically addressed to the defendant. We further find that this statement was induced by the detective's exasperation with the joking by the defendant and his codefendant at approximately 2:30 A.M., rather than being intended or reasonably likely to elicit a response *(see, People v Ferro,* 63 NY2d 316, 319, 322-323, *cert denied* 472 US 1007; *People v Bryant,* 59 NY2d 786, 788, *rearg dismissed* 65 NY2d 638). As a result, the defendant's response "[y]ou won't find my prints I was wearing gloves" was, as the trial court properly found, a spontaneous or volunteered statement *(cf., People v Huffman,* 61 NY2d 795, 796-797; *People v Lynes,* 49 NY2d 286, 294-295).

The trial court properly refused to dismiss the indictment. The Assistant District Attorney properly charged the Grand Jury that they could, but were not required to, infer that the defendant participated in the crimes, or could alternatively determine he was a mere receiver of stolen goods *(see, People v Baskerville,* 60 NY2d 374, 382; *People v Galbo,* 218 NY 283, 290). The defendant identified some of the stolen items in the trunk as his to the police officers. This false explanation, together with his joint possession of the items in the trunk with those with whom he acted in concert, satisfied the exclusivity requirement and warranted the giving of the charge on recent and exclusive possession of the fruits of a crime *(cf., People v Shurn,* 69 AD2d 64, 69-70; *People v Vaccarella,* 257 App Div 461).

The sentence imposed was not an improvident exercise of discretion *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.