■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FOSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered May 4, 1988, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, assault in the second degree (two counts), and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the arresting police officer.

Ordered that the judgment is affirmed.

The defendant was arrested on the night of August 31, 1987 after a car chase which had ended when the automobile he had allegedly stolen collided with two parked vehicles and came to a stop. During the ensuing struggle to subdue the defendant, the arresting officer recovered a .25 caliber gun from the defendant's person. A further search of the defendant at the time of the arrest uncovered $148 in cash and 58 vials of crack, while a search of the automobile uncovered a .38 caliber gun under the driver's seat.

While at the police station and approximately 30 minutes after the defendant had been advised of his *Miranda* rights and had declined to answer any questions, the arresting officer began a conversation with the defendant. During the course of the conversation, the officer commented, "Come on, you know you had the two guns", to which the defendant responded "Yeah, it's all a big game. * * * If I would have got out of the car quicker, I would have shot you".

Although we find that the officer's comment was arguably designed to elicit a statement and, therefore, that the defendant's statement should have been suppressed *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *cf., People v Hawthorne,* 145 AD2d 569), the court's failure to suppress the statement did not constitute reversible error.

The arresting officer testified that he recovered the .25 caliber weapon from a holster worn by the defendant, while his partner testified that he recovered the vials of crack during his search of the defendant. Moreover, although the defendant's version of his earlier encounter with the complainant differed from the complainant's, he did testify that the .25 caliber gun and the drugs were his. In addition, it should be noted that at the close of evidence the Trial Judge dismissed the charges relating to the alleged theft of the car and the possession of the .38 caliber weapon found therein.

In light of the overwhelming evidence of the defendant's guilt in this case, we find that there is no reasonable possibility that the error might have contributed to the defendant's conviction, such that admission of the subject statement was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 242-243; People v Davis, 144 AD2d 379). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.