■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LASHLEY, Appellant. [598 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 25, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, the Supreme Court properly concluded that his arrest was proper. The initial inquiry of the defendant by the Immigration and Naturalization Service (hereinafter INS) agent was justified because she offered objective and credible reasons to sustain the legality of this minimal intrusion (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210). Specifically, the agent possessed information that illegal aliens were being smuggled around the United States on domestic flights, and she observed the defendant carrying his possessions in a clear plastic

bag. The conduct of the INS agent was not intrusive. The INS agent spoke to the defendant in a nonthreatening manner, was dressed in plainclothes, and did not attempt to restrain him. The defendant was free to not answer the INS agent's initial questions and continue on his way. It was the defendant's voluntary answer that he was not carrying his resident alien card that gave the INS agent the right to escalate the inquiry and detain the defendant, since the defendant's failure to carry that card violated Federal law and constituted a Federal crime (8 USC § 1304 [e]; *see, People v Hollman, supra; People v Howard,* 50 NY2d 583, 590; *People v De Bour, supra; People v Cantor,* 36 NY2d 106). The defendant was thereafter properly arrested once a warrant check revealed that he was wanted for murder *(see, People v Howard, supra; People v De Bour, supra; People v Cantor, supra).*

We reject the defendant's contention that his conviction should be reversed on the ground that the trial court failed to make a *Gomberg* inquiry *(People v Gomberg,* 38 NY2d 307). The defendant failed to demonstrate that defense counsel's alleged conflict of interest "affected", "operated on", or "[bore] a substantial relation to" the conduct of his defense *(People v Alicea,* 61 NY2d 23, 31; *People v Ortiz,* 76 NY2d 652, 657; *People v Recupero,* 73 NY2d 877, 879).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.