OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was charged with and convicted of separate acts of sexual abuse committed against two women, both former employees. Defendant was represented by retained counsel at pretrial and trial proceedings. At the conclusion of the Peo
 
 *955
 
 pie’s case, defendant’s counsel asserted, in open court, that, as to an unrelated civil matter, he represented the father of one of the sexual abuse victims. Defense counsel declared that he could not cross-examine the victim’s father if he were called as a People’s witness. He further declared that because of this complication, the People had determined not to call the father as a witness in return for defense counsel’s stipulation on the record that he would not request a missing witness instruction. The trial court failed to conduct a
 
 Gomberg
 
 inquiry
 
 (see, People v Gomberg,
 
 38 NY2d 307) and the trial continued, culminating in the guilty verdict. While the Appellate Division found that the trial court erred, it concluded that reversal of the conviction was not required. A Judge of this Court granted defendant leave to appeal.
 

 The Appellate Division was correct that error occurred because the trial court failed to inquire into whether defendant understood the potential risks involved in the continued, manifestly conflicted representation by his chosen attorney. No basis exists or needs to be pursued under the circumstances presented here to assess whether defendant would knowingly have wished the attorney to continue in the criminal matter representation.
 

 The record is unassailable that defense counsel’s concurrent representation of defendant and the father of one of the victims, in a case such as this, actually created a substantial relation to "the conduct of the defense”
 
 (People v Lombardo,
 
 61 NY2d 97, 103). Defense counsel documented the evident conflicting duties by stipulating a dubious
 
 quid pro quo
 
 with the People, so as to dispense with defense counsel’s cross-examining his own civil client at the criminal trial of his other client, the defendant-appellant here. These circumstances realistically manifest a conclusive and inextricable conflict and detrimental prejudice to the interests of defendant-appellant.
 

 As the Court aptly stated in
 
 McDonald,
 
 " '[i]t takes no great understanding of human nature to realize that the individuals who had been [assaulted] might be less than happy and might go so far as to remove the attorney from their good graces if th[e] defendant were acquitted or received a light sentence’ ”
 
 (People v McDonald,
 
 68 NY2d 1, 10). The father of the victim of sexual abuse committed by her employer could not conceivably have reacted differently if his lawyer in the civil matter had proceeded zealously and possibly successfully in the vindication of the criminal defendant against the
 
 *956
 
 interests of the daughter victim. We conclude, therefore, that on this record the error is reversible and merits ordering a new trial
 
 (see, People v Wandell,
 
 75 NY2d 951;
 
 People v McDonald,
 
 68 NY2d 1,
 
 supra; People v Mattison,
 
 67 NY2d 462,
 
 cert denied
 
 479 US 984).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.