OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was tried and convicted of grand larceny, among other things, in connection with his forging of a mortgage satisfaction which he then used to obtain a $1.7 million bank loan. "When the People announced their intention to call Matthew Dollinger — outside counsel for the bank’s title insurer — to testify at defendant’s trial, defense counsel informed the court and prosecutor that he and Dollinger represented each other in matters unrelated to defendant’s prosecution. The Assistant District Attorney handling the case agreed not to elicit any testimony from Dollinger about his relationship to defense counsel and Dollinger proceeded to take the stand.
 

 In arguing that the trial court’s failure to conduct any further inquiry in accordance with
 
 People v Gomberg
 
 (38 NY2d 307) constituted reversible error, defendant overlooks the well-established principle that the mere existence of a conflict or potential conflict between defense counsel and a prosecution witness, standing alone, does not automatically result in the reversal of a conviction
 
 (People v Lombardo,
 
 61 NY2d 97). Rather, in order to establish that reversible error occurred, defendant must show that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest’ ”
 
 (People v Ortiz,
 
 76 NY2d 652, 657;
 
 see also, People v Recupero,
 
 73 NY2d 877, 879). No such showing was made in this case
 
 (compare, People v Krausz,
 
 84 NY2d 953).
 

 Defendant’s contention that a telephone conversation he had with his former attorney during which he acknowledged that he had fraudulently used the former attorney’s notary stamp without the attorney’s knowledge was inadmissible on
 
 *833
 
 grounds of attorney-client privilege is similarly devoid of merit. We agree with the Appellate Division that defendant failed to satisfy his burden of proving that he had contacted his former attorney for the purpose of obtaining legal advice
 
 (see, Matter of Priest v Hennessy,
 
 51 NY2d 62, 69).
 

 Finally, defendant’s argument that the trial court’s warning about the possibility of a perjury prosecution resulting from his testimony prevented defendant from exercising his right to testify is unpreserved for our review
 
 (see, Webb v Texas,
 
 409 US 95, 96).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.