OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Defendant on this appeal urges that his conviction should be overturned because a potential conflict of interest prevented his attorney from providing effective assistance of counsel, and because the prosecution failed to timely disclose certain
 
 Brady
 
 material. Concluding that neither claim provides a basis for reversal, we affirm the Appellate Division order upholding the conviction.
 

 In August 1991, a police informant made two controlled buys of cocaine from defendant at his home in the Town of Dryden. The following month, police obtained an eavesdropping warrant authorizing a wiretap on defendant’s telephone, which allowed them to intercept a conversation in which defendant arranged for the purchase of 250 grams of cocaine for $7,000 from Richard Muniz. The following morning, police observed Richard Lucas and Daryl Hallock leave defendant’s home in his car. That afternoon, Lucas and Hallock were seen in New York City with Muniz, and at approximately 10:00 p.m. were seen arriving back at defendant’s residence. After executing a no-knock search warrant at defendant’s residence, police found four packages of cocaine, two electronic scales, assorted plastic bags, a bottle of Inositol (a cutting agent) and approximately three pounds of marihuana.
 

 Defendant was indicted, along with Muniz, Hallock and Lucas, for two counts of conspiracy in the second degree. Defendant was also charged individually with various counts of crim
 
 *643
 
 inal possession of a controlled substance, criminal possession of marihuana, criminal sale of a controlled substance and criminally using drug paraphernalia.
 

 On November 5, 1992, during voir dire, defense counsel informed the court and the prosecution that he had just learned that State Police Investigator Robert Lishansky, who was on the People’s witness list, had been suspended for alleged evidence tampering. Lishansky had found fingerprints of defendant and codefendant Hallock on the packaging material containing the drugs seized from defendant’s home. The prosecutor responded that, while he had no “firm information” that Lishansky falsified the prints in defendant’s case, he would not call him as a witness or introduce the fingerprint evidence at trial.
 

 Defense counsel also informed the court and the prosecutor that he had just been told that David Harding, a State Police Investigator who served in the same unit as Lishansky, had pleaded guilty to charges of evidence, tampering. Counsel stated:
 

 “I was asked by David Harding to represent him. I interviewed Mr. Harding on four occasions. I have a lot of information, of course, that I have obtained which, of course, is protected by the attorney/client privilege. So I am handicapped in how far I can go with this.”
 

 Counsel then moved for a mistrial on the ground that
 
 Brady
 
 material was not timely produced. Noting that Lishansky was suspended on October 23 and plea negotiations with Harding took place prior to defendant’s trial, counsel argued that it was inconceivable that someone in the Tompkins County District Attorney’s office would not have known about Lishansky earlier. At the latest, defense counsel argued, the material should have been turned over on October 23. The prosecutor responded that a special prosecutor’s investigation of Harding had been extended to include Lishansky and possible evidence tampering in an unrelated case. The prosecutor maintained that he had just learned of the possibility of Lishansky’s evidence tampering in defendant’s case.
 

 County Court denied defendant’s motion for dismissal or a mistrial on the basis of a
 
 Brady
 
 violation. Defendant was convicted, after a jury trial, of conspiracy in the second degree, two counts of criminal possession of a controlled substance in the first degree, criminal possession of marihuana in the second
 
 *644
 
 degree, three counts of criminally using drug paraphernalia in the second degree, and two counts of criminal sale of a controlled substance in the third degree. The Appellate Division affirmed defendant’s conviction, as do we.
 

 The New York State and Federal Constitutions guarantee the right to effective assistance of counsel, meaning representation that is reasonably competent, conflict-free and singlemindedly devoted to the client’s best interests
 
 (People v Ortiz,
 
 76 NY2d 652, 656). A lawyer who represents two clients with conflicting interests by definition cannot give either client undivided loyalty
 
 (id.; see also, People v McDonald,
 
 68 NY2d 1, 9;
 
 People v Mattison,
 
 67 NY2d 462, 468,
 
 cert denied
 
 479 US 984). Nor are conflicting interests limited to the simultaneous representation of clients. Because an attorney has continuing professional responsibilities to former clients, including a duty to maintain that Ghent’s confidences and secrets even after representation has ceased, potential conflicts may exist between former clients and current clients
 
 (People v Ortiz,
 
 76 NY2d, at 656,
 
 supra; People v Alicea,
 
 61 NY2d 23, 29;
 
 People v Krausz,
 
 84 NY2d 953).
 

 Here, defense counsel stated that he had been “asked by * * * Harding to represent him” and that he “interviewed * * * Harding on four occasions.” While defense counsel did not make clear whether Harding was a former client, a current client or indeed even a client at all, confidential communications Harding may have made to defense counsel for the purpose of obtaining legal advice or services would be protected from disclosure
 
 (see, Matter of Priest v Hennessy,
 
 51 NY2d 62, 68-70;
 
 People v Osorio,
 
 75 NY2d 80, 84;
 
 see also,
 
 CPLR 4503 [a]; Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]). Thus, any confidential communications between Harding and defense counsel that bore on defendant’s case would have created a potential conflict of interest.
 

 Although defendant argues persuasively that the trial court should have conducted a hearing after defense counsel’s somewhat cryptic comments about conversations with Harding, that omission alone does not entitle defendant to reversal of his conviction. A defendant claiming ineffective assistance of counsel must do more than show that defense counsel had a potential conflict of interest. To prevail, defendant must demonstrate that “the conduct of his defense was in fact affected by the operation of the conflict of interest,” or that the conflict “operated on” counsel’s representation
 
 (People v Alicea,
 
 61 NY2d, at 31,
 
 supra; People v Ortiz,
 
 76 NY2d, at 657,
 
 supra).
 

 
 *645
 
 That showing was not made here. It is undisputed that Harding had no role in building the case against defendant. He did not handle any of the evidence. He was not listed as a witness — neither side even mentioned the possibility of calling him as a witness. Additionally, when the prosecutor voluntarily withdrew all fingerprint evidence, even Harding’s general knowledge of fingerprint processing became irrelevant.
 

 Harding’s only connection to defendant’s case was that he served in the same unit as Lishansky, who found key fingerprints on the drug packaging materials seized from defendant’s residence. Although there was some indication that Lishansky may have tampered with the fingerprint evidence in defendant’s case, neither Lishansky nor his fingerprint evidence appeared at trial. It is uncontroverted that Lishansky was not present during the monitoring of the telephone conversations that constituted wiretap evidence in defendant’s case or at defendant’s home when the search warrant was executed, and that he had no contact with the seized drugs, which were removed from the packaging before it was sent for fingerprint analysis.
 

 At bottom, it was not any potential conflict but rather Lishansky’s minimal connection to the case, the withdrawal of the fingerprint evidence and the decision not to call him as a witness, that limited defense counsel’s ability to fully exploit the alleged evidence tampering by the State Police. Thus, the Appellate Division correctly refused to overturn defendant’s conviction on ineffective assistance of counsel grounds. Similarly, for reasons stated in the memorandum and order of Justice Thomas E. Mercure for the Appellate Division (245 AD2d 807, 809-810), defendant’s
 
 Brady
 
 claim is without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed.