■ The People of the State of New York, Respondent, v Abdulah Hamed, Appellant. [700 NYS2d 104] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered April 28, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 1½ to 4½ years, unanimously affirmed.

The court properly exercised its discretion in waiting until after defendant's direct testimony to sever the joint trials of defendant and his codefendant, and the timing of the severance caused no prejudice to defendant. Prior to that point in the trial, there was no "irreconcilable conflict" in the defenses presented (*People v Mahboubian*, 74 NY2d 174, 185). Defendant's claim that he was prejudiced by the admission of evidence of his codefendant's criminal acts is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because such evidence would have been admissible in a separate trial to establish defendant's possession of the narcotics pursuant to the accomplice liability theory asserted by the People. The fact that defendant had previously been represented on an unrelated case by the Legal Aid Society, which represented the codefendant at trial, did not require severance in the absence of any evidence of an actual, as opposed to hypothetical, conflict (*see, People v Allen*, 88 NY2d 831).

The challenged portions of the People's summation remarks were based on the evidence and were proper responses to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

The court's *Sandoval* ruling was a proper exercise of discretion. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.