■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHAWN SMART, Appellant. [704 NYS2d 497] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered June 17, 1996, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that he was denied the effective assistance of counsel due to the existence of an alleged conflict of interest. "A defendant claiming ineffective assistance of counsel must do more than show that defense counsel had a potential conflict of interest. To prevail, defendant must demonstrate that 'the conduct of his defense was in fact affected by the operation of the conflict of interest' or that the conflict 'operated on' counsel's representation" (*People v Longtin,* 92 NY2d 640, 644, quoting from *People v Alicea,* 61 NY2d 23, 31; *see, People v Ortiz,* 76 NY2d 652, 657; *People v Allen,* 88 NY2d 831; *People v Jordan,* 83 NY2d 785).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.