■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMALLS, Appellant. [725 NYS2d 421] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 4, 2000, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and rob-bery in the second degree.

On this appeal from the judgment convicting defendant upon his plea of guilty of robbery in the first degree and robbery in the second degree, defendant's only argument is that he was deprived of the right to effective assistance of counsel by County Court's failure to conduct a more thorough inquiry regarding defense counsel's potential conflict of interest. "A de-fendant claiming ineffective assistance of counsel must do more than show that defense counsel had a potential conflict of inter-est. To prevail, defendant must demonstrate that 'the conduct of his defense was in fact affected by the operation of the

conflict of interest,' or that the conflict 'operated on' counsel's representation" (*People v Longtin*, 92 NY2d 640, 644, *cert denied* 526 US 1114, quoting *People v Ortiz*, 76 NY2d 652, 657).

During his arraignment, defendant was advised that defense counsel had a conflict of interest that would prevent him from representing defendant at trial and defendant indicated that he was willing to have counsel continue to represent him "at this time." The matter was adjourned for continued plea negotiations and, at defendant's next appearance, a further adjournment was granted to permit defendant to consider the pending plea offer. When defendant appeared the following week, defense counsel was relieved of the assignment because of the conflict, new counsel was assigned, the pending plea offer was discussed and the matter was adjourned for one week. On the adjourned date, newly assigned counsel advised County Court that defendant was undecided about whether to accept the plea offer or go to trial and the court granted counsel's request for an additional one-week adjournment. Defendant appeared on the new adjourned date and, after acknowledging that he had conferred with counsel and was satisfied with his services, he entered a guilty plea to both counts of the indictment. Inasmuch as there is nothing in the record to demonstrate that the potential conflict of defendant's former counsel operated on counsel's representation or that the conduct of defendant's defense was in fact affected by the operation of the conflict, the judgment must be affirmed.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.