■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LYLE, Appellant. [733 NYS2d 614] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 23, 1997, convicting him of robbery in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of the effective assistance of counsel because defense counsel was acquainted with one of the prosecution witnesses, and as a result was unable to vigorously cross-examine that witness. Relying on *People v Gomberg* (38 NY2d 307), the defendant maintains that the trial court should have conducted a sufficient inquiry of the potential conflict of interest arising from the friendship between defense counsel and the prosecution witness. We disagree. "[T]he mere existence of a conflict or potential conflict between defense counsel and a prosecution witness, standing alone, does not automatically result in the reversal of a conviction * * * Rather, in order to establish that reversible error occurred, defendant must show that 'the conduct of his defense was in fact affected by the operation of the conflict of interest' " (*People v Allen,* 88 NY2d 831, 832 [internal quotation marks omitted], quoting *People v Ortiz,* 76 NY2d 652. 657). Here, no such showing was made. Defense counsel's cross-examination was not compromised by his acquaintance with the prosecution witness. Further, the prosecution witness was not "important" (*People v Wandell,* 75 NY2d 951, 952). The prosecution witness was not the victim, nor was his testimony crucial in identifying the defendant. Rather, his role was to provide background information. Under these circumstances, a *Gomberg* inquiry was unnecessary.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.