■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADY REISLER, Appellant. [743 NYS2d 305] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered July 9, 1998, convicting him of criminal possession of a forged instrument in the second degree (three counts) and theft of services (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant is denied the right to effective assistance of counsel when, absent inquiry by the court and the informed consent of the defendant, defense counsel represents interests which are actually in conflict with those of the defendant (*see People v McDonald,* 68 NY2d 1). Defense counsel's interests are actually in conflict with the defendant when they bear a substantial relation to "the conduct of the defense" (*People v Krausz,* 84 NY2d 953, 954). Here, reversal is not warranted as there was no showing that the alleged conflict of interest bore a substantial relationship to the conduct of the defense (*see People v Lashley,* 193 AD2d 698).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.