THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAKE WINGATE, Appellant. [747 NYS2d 791]

The defendant's contention in his supplemental pro se brief that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894; *People v Gray,* 86 NY2d 10, 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to a conflict of interest. The defendant has not demonstrated that the conduct of his defense was affected by a conflict of interest or that the conflict "operated on" his counsel's representation (*see People v Smart,* 96 NY2d 793, 795; *People v Longtin,* 92 NY2d 640, 644, *cert denied* 526 US 1114; *People v Allen,* 88 NY2d 831, 832). The defendant's contention in his supplemental pro se brief that he was deprived of the effective assistance of counsel because the defense counsel, among other things, allegedly failed to adequately investigate and prepare his case is based, in part, on matters outside the record which cannot be reviewed on direct appeal (*see People v Boyd,* 244 AD2d 497). To the extent the defendant's claims can be reviewed, the record demonstrates that he was provided with meaningful representation (*see People v Baldi,* 54 NY2d 137, 147; *People v Mejias,* 278 AD2d 249).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.