■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROBINSON, Also Known as DUANE WINSTON, Appellant. [774 NYS2d 716]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 30, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance

in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his statement to the police was spontaneous and not the result of the functional equivalent of interrogation (*see People v Stockdale*, 270 AD2d 294 [2000]; *People v Little*, 204 AD2d 351 [1994]; *People v Hawthorne*, 145 AD2d 569 [1988]). Therefore, the hearing court properly declined to suppress the statement.

The defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, is primarily based on matter dehors the record which cannot be reviewed on direct appeal (*see People v Zimmerman*, 309 AD2d 824 [2003], *lv denied* 1 NY3d 603 [2004]; *People v Wingate*, 297 AD2d 761 [2002]). However, to the extent that such claim is reviewable, the record demonstrates that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.