■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO LOBBAN, Appellant. [909 NYS2d 488]—

Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Calabrese, J.), dated June 9, 2008, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered April 17, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Contrary to the defendant's contention, defense counsel's failure to move to suppress his post-arrest statements based upon a purported violation of *Payton v New York* (445 US 573 [1980]), did not constitute ineffective assistance of counsel, as the subject statements were exculpatory and consistent with the theory of defense (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Washington*, 71 AD3d 1064 [2010]).

Furthermore, the defendant was not deprived of the effective assistance of counsel because his attorney formerly represented one of the People's witnesses in an unrelated criminal matter. In order to prevail on such a conflict-based claim of ineffective assistance of counsel, the defendant must show that "the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Konstantinides*, 14 NY3d 1, 10 [2009] [internal quotation marks omitted]; *see People v Smart*, 96 NY2d 793, 795 [2001]; *People v Longtin*, 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999]; *People v Ortiz*, 76 NY2d 652, 657 [1990]). Contrary to the defendant's contention, the record demonstrates that his attorney's prior representation of the witness did not affect the conduct of the attorney's cross-examination of that witness (*see People v Smart*, 96 NY2d at 795; *People v Lyle*, 288 AD2d 324, 325 [2001]; *People v Finley*, 190 AD2d 859, 860 [1993]). Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.