# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

7

KA 12-00530

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOHN P. MCGILLICUDDY, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO, FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered March 20, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal mischief in the fourth degree and attempted assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that reversal is required because he was deprived of effective assistance of counsel based on a potential conflict of interest. "The New York State and Federal Constitutions guarantee the right to effective assistance of counsel, meaning representation that is reasonably competent, conflict-free and single-mindedly devoted to the client's best interests" (*People v Longtin*, 92 NY2d 640, 644, *cert denied* 526 US 1114; *see People v Harris*, 99 NY2d 202, 209). A few days before trial, defense counsel became aware of a recorded conversation between defendant and defense counsel's former client that the People sought to introduce in evidence to show defendant's motive and intent for the burglary. Defense counsel's former client was convicted of murder shortly before this trial began. Defense counsel was also aware that, when defendant was arrested for the instant crimes, he gave a statement to a police officer regarding defense counsel's former client that the People also intended to introduce in evidence.

When defense counsel raised the potential conflict of interest before County Court, the court erred in failing to ascertain whether defendant was aware of the potential risk and knowingly chose to continue with his retained counsel (*see People v McDonald*, 68 NY2d 1, 9, *rearg dismissed* 69 NY2d 724; *see also People v Carncross*, 14 NY3d 319, 327). That error requires reversal only if defendant first establishes that defense counsel had a potential conflict of interest (*see Harris*, 99 NY2d at 210; *Longtin*, 92 NY2d at 644; *McDonald*, 68 NY2d at 9). Defendant must then "demonstrate that 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' counsel's representation" (*Longtin*, 92 NY2d at 644; *see McDonald*, 68 NY2d at 9). Stated differently, a defendant must establish that the potential conflict bore "such a 'substantial relation to the conduct of the defense' as to require reversal" (*People v Solomon*, 20 NY3d 91, 95). "Notably, the requirement that a potential conflict have affected, or operated on, or borne a substantial relation to the conduct of the defense--three formulations of the same principle--is not a requirement that defendant show specific prejudice" (*People v Ortiz*, 76 NY2d 652, 657).

Defendant established that defense counsel had a potential conflict of interest based on his representation of the former client (*see generally Longtin*, 92 NY2d at 644; *Ortiz*, 76 NY2d at 656), and we agree with defendant that the conflict bore a substantial relation to the conduct of the defense, requiring reversal (*see People v Krausz*, 84 NY2d 953, 955). Defense counsel indicated that he was unable to cross-examine the police officer with respect to defendant's statement concerning his former client; he stipulated that his former client's voice was on the recording and thus avoided having to confront his former client in that regard; and he did not call his former client to testify regarding the recorded conversations with defendant. Indeed, defendant's former client was mentioned several times during the prosecutor's examination of witnesses and in the prosecutor's closing argument, prompting the court to issue a curative instruction to the jury that it was not to infer that defendant was involved with the murder of which the former client was convicted. Under all the circumstances, we agree with defendant that the conduct of the defense was affected by the conflict of interest (*see generally Longtin*, 92 NY2d at 644; *McDonald*, 68 NY2d at 9).

In light of our determination, we do not address defendant's remaining contentions.

Entered: February 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court