People v Cole (2020 NY Slip Op 00757)





People v Cole


2020 NY Slip Op 00757


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1175 KA 12-01739

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN W. COLE, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 31, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), robbery in the second degree (two counts), kidnapping in the second degree, assault in the second degree (two counts) and criminal possession of a weapon in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law
§ 160.15 [2], [4]), two counts of robbery in the second degree
(§ 160.10 [1], [2] [a]), one count of kidnapping in the second degree (§ 135.20), two counts of assault in the second degree (§ 120.05 [2], [6]), and four counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that the prosecutor committed a Batson violation by peremptorily striking an African-American prospective juror. We reject that contention.
In determining whether a party has used peremptory challenges to exclude prospective jurors based on race, a trial court must follow the three-step process set forth in Batson v Kentucky (476 US 79, 96-98 [1986]). "At step one, the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (People v Bridgeforth, 28 NY3d 567, 571 [2016]; see People v Pescara, 162 AD3d 1772, 1772-1773 [4th Dept 2018]).
Initially, we note that "the issue of whether defendant established a prima facie case became moot when the prosecutor stated his race-neutral reasons for the subject challenge" (People v Malloy, 166 AD3d 1302, 1308 [3d Dept 2018], affd 33 NY3d 1078 [2019]). With respect to the merits of defendant's contention, we conclude that the prosecutor's proffered reason for striking the prospective juror, specifically that the prospective juror "indicated she'd have no hesitation in voicing her disagreement with the other jurors," whereas the prosecutor was "looking for jurors who can harmonize their verdict and come to an unanimous verdict," was race-neutral (see id.; see generally People v Payne, 88 NY2d 172, 183 [1996]). Contrary to defendant's contention, we further conclude that Supreme Court did not abuse its discretion in determining that the prosecutor's explanation for his peremptory challenge with respect to the prospective juror was not pretextual (see People v Farrare, 118 AD3d 1477, 1477-1478 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]; see generally People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; People v English, 119 AD3d 706, 706 [*2][2d Dept 2014], lv denied 24 NY3d 1043 [2014]). Defendant failed to preserve for our review his claim of disparate treatment by the prosecutor of other similarly situated panelists (see People v Dunham, 170 AD3d 569, 570 [1st Dept 2019], lv denied 33 NY3d 1068 [2019], reconsideration denied 34 NY3d 950 [2019]; see generally People v Holloway, 71 AD3d 1486, 1486-1487 [4th Dept 2010], lv denied 15 NY3d 774 [2010]).
We reject defendant's further contention that the court erred in failing to adequately ascertain whether he knowingly and voluntarily relinquished his right to conflict-free assistance of counsel after defense counsel suffered a medical episode resulting in a one-day adjournment of trial. Such an error "requires reversal only if defendant first establishes that defense counsel had a potential conflict of interest" (People v McGillicuddy, 103 AD3d 1200, 1201 [4th Dept 2013]), and defendant failed to establish that a conflict of interest existed. "Where no conflict of interest is involved, the standard for assessing the effectiveness of trial counsel is whether the attorney provided meaningful representation" (People v Ennis, 11 NY3d 403, 411 [2008], cert denied 556 US 1240 [2009]). Here, there is no indication in the record that defense counsel's condition affected his performance at trial (see People v Morehouse, 5 AD3d 925, 927 [3d Dept 2004], lv denied 3 NY3d 644 [2004]; People v Badia, 159 AD2d 577, 578 [2d Dept 1990], lv denied 76 NY2d 784 [1990]). Moreover, with respect to defendant's specific allegations of ineffective assistance, "[d]efendant failed to demonstrate that those alleged errors were not strategic in nature . . . , and mere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective" (People v Henry, 74 AD3d 1860, 1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]).
Finally, we reject defendant's contention that the court failed to comply with the procedure for disclosure of jury notes to counsel set forth in People v O'Rama (78 NY2d 270 [1991]). "[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016] [internal quotation marks omitted]), and defendant has not established that the note at issue contained a substantive inquiry (see id.; People v Ziegler, 78 AD3d 545, 546 [1st Dept 2010], lv denied 16 NY3d 838 [2011]; People v Robinson, 51 AD3d 575, 576 [1st Dept 2008], lv denied 11 NY3d 793 [2008]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court