■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROMAN, Appellant. [679 NYS2d 297] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered July 30, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant did not preserve his current claims of error regarding alleged accomplice testimony and we decline to review them in the interest of justice. Were we to review these claims, we would reject them since there was no evidentiary showing that the witness in question was an accomplice (see, People v Young, 235 AD2d 441, 442-443, lv denied 89 NY2d 1042). Relevant credibility factors in connection with this witness's testimony were presented to the jury, and we see no reason to disturb its findings.

Defendant did not preserve his current claims of error in connection with the prosecutor's summation comments and we decline to review them in the interest of justice. Were we to review the claims, we would find that the summation constituted fair comment on the evidence and appropriate response to the defense summations and did not deprive defendant of a fair trial (see, People v D'Alessandro, 184 AD2d 114, lv denied 81 NY2d 884).

Defendant's application for a missing witness charge regarding the uncalled detectives was properly denied. In addition to the fact that the application was untimely made after both sides had rested (People v Gonzalez, 68 NY2d 424, 428), the

record indicates that testimony by the uncalled witnesses would have been cumulative (*People v Ortiz*, 83 NY2d 989).

The existing record demonstrates that defendant received meaningful representation by trial counsel (*People v Benevento*, 91 NY2d 708).

Since defendant refused to be interviewed by the Probation Department, he may not properly claim that the ensuing report was incomplete (*People v Greene*, 209 AD2d 541, *lv denied* 85 NY2d 909). We perceive no abuse of discretion in sentencing.

Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.