THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL SALADEEN, Appellant. [785 NYS2d 250]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 6, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the mandatory surcharge and crime victim assistance fee and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, neither his statutory nor due process rights were violated by his absence from the precharge conference (*see People v Velasco*, 77 NY2d 469, 472 [1991]; *People v Mullen*, 44 NY2d 1, 4 [1978]; *see also People v Williams*, 85 NY2d 945, 947 [1995]). In any event, the record establishes that defendant refused to attend the conference.

Contrary to the further contention of defendant, County Court did not err in denying his pretrial application for assignment of new counsel; defendant's disagreements with counsel over trial strategy did not establish the requisite good cause for substitution of counsel (*see People v Medina*, 44 NY2d 199, 209 [1978]; *People v Welch*, 2 AD3d 1354, 1355 [2003], *lv denied* 2 NY3d 747 [2004]; *see generally People v Sides*, 75 NY2d 822, 824 [1990]). We disagree with defendant that he was denied effective assistance of counsel at sentencing. Defense counsel was sufficiently familiar with the case and defendant's background to provide meaningful representation at sentencing (*see People v Michael A.M.*, 299 AD2d 931, 932 [2002]), and, given the nature of defendant's criminal record and the criminal conduct herein, we conclude that no statement made by defense counsel at sentencing "would have had an impact on the sentence imposed" (*People v Millington*, 111 AD2d 993, 995 [1985]).

We further disagree with defendant that he should be resentenced after the court considers an updated presentence report. The contention of defendant that the presentence report is incomplete because it fails to note his "considerable intelligence as well as sophistication in criminal law" is without merit; the record reflects that defendant refused to be interviewed by the probation department (*see People v Roman*, 254 AD2d 156, 157 [1998], *lv denied* 92 NY2d 1053 [1999]; *People v Greene*, 209 AD2d 541, 542 [1994], *lv denied* 85 NY2d 909 [1995]).

Although defendant failed to preserve the issue for our review, the People concede that defendant committed his crimes before

the effective dates of the statutes authorizing collection of the mandatory surcharge and crime victim assistance fee, and we therefore exercise our power to review this contention as a matter of discretion in the interest of justice and modify the judgment by vacating the surcharge and fee (*see* CPL 470.15 [6] [a]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Finally, we have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.