THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAYTON KING, Appellant. (Appeal No. 1.) [869 NYS2d 832]

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of one count each of those same crimes. Contrary to the contention of defendant in each appeal, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Lococo*, 92 NY2d 825, 827 [1998]). The challenge by defendant in each appeal to the severity of the sentence imposed is encompassed by his valid waiver of the right to appeal (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Allen*, 82 NY2d 761, 763 [1993]). Although the contention of defendant that County Court erred in ordering him to pay a mandatory surcharge of $275 with respect to each judgment of conviction survives his valid waiver of the right to appeal (*see People v Figueroa*, 17 AD3d 1130 [2005], *lv denied* 5 NY3d 788 [2005]), defendant failed to preserve it for our review (*see People v Quishana M.*, 50 AD3d 1513 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Saladeen*, 12 AD3d 1179, 1180-1181 [2004], *lv denied* 4 NY3d 767 [2005]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The People correctly concede that, pursuant to Vehicle and Traffic Law § 1809 (1) (b) (former [i]), the proper mandatory surcharge is $250. We therefore modify the judgment in each appeal by reducing the mandatory surcharge accordingly. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.