THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ADAMS, Appellant. [890 NYS2d 888]—

Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY J. READING, Appellant. [891 NYS2d 820]—

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [4]). We note at the outset that we agree with defendant that her waiver of the right to appeal is invalid "inasmuch as the record fails to 'establish that [she] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Hendrix*, 62 AD3d 1261, 1262 [2009], *lv denied* 12 NY3d 925 [2009], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). Thus, her contention that Supreme Court erred in imposing a crime victim assistance fee because she had paid restitution in full at the time of sentencing is not encompassed by that invalid waiver. Although defendant failed to preserve her contention for our review (*see generally People v King*, 57 AD3d 1495 [2008]; *People v Saladeen*, 12 AD3d 1179, 1180-1181 [2004], *lv denied* 4 NY3d 767 [2005]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Saladeen*, 12 AD2d at 1180-1181; *see also People v Ramos*, 60 AD3d 1317, 1317-1318 [2009], *lv denied* 12 NY3d 928 [2009]). A defendant shall not be required to pay a crime victim assistance fee where, as here, he or she has paid restitution (*see* Penal Law § 60.35 [6]; *People v Quinones*, 95 NY2d 349, 352 [2000]), and we therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.