# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

633
KA 11-02345
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

LUCAS WEST, DEFENDANT-APPELLANT.

LUCILLE M. RIGNANESE, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 13, 2011. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the third degree and course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), rape in the third degree (§ 130.25 [2]), and course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]). Contrary to defendant's contention, Supreme Court did not err in denying his motion pursuant to CPL 330.30 to set aside the verdict. " 'Pursuant to CPL 330.30 (1), following the issuance of a verdict and before sentencing a court may set aside a verdict on "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would *require* a reversal or modification of the judgment *as a matter of law* by an appellate court" ' (*People v Benton*, 78 AD3d 1545, 1546 [2010], *lv denied* 16 NY3d 828 [2011]). 'The power granted a Trial Judge is, thus, far more limited than that of an intermediate appellate court, which is authorized to determine not only questions of law but issues of fact . . . , to reverse or modify a judgment when the verdict is against the weight of the evidence . . . , and to reverse "[a]s a matter of discretion in the interest of justice" ' (*People v Carter*, 63 NY2d 530, 536 [1984])" (*People v Rohadfox*, 114 AD3d 1217, 1218).

Defendant contends that the court erred in denying his CPL 330.30 motion because defense counsel's failure to investigate and pursue an alibi defense constituted ineffective assistance of counsel (*see People v Taylor*, 97 AD3d 1139, 1141, *lv denied* 19 NY3d 1029; *see*

*generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *People v Henry*, 95 NY2d 563, 565-566). An alibi defense is "based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time" (Black's Law Dictionary 84 [9th ed 2009]) and, here, even if the evidence in question had been admitted at trial, it would not have established an alibi for defendant. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*Stultz*, 2 NY3d at 287), and thus the court properly denied defendant's motion insofar as it alleged ineffective assistance of counsel based on the failure to pursue an alibi defense (*see generally Carter*, 63 NY2d at 536).

Defendant also contends that he was denied effective assistance of counsel for a litany of reasons not addressed by the CPL 330.30 motion. To the extent that those instances of alleged ineffective assistance of counsel specified by defendant are based on matters outside the record on appeal, they must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800). To the extent that those instances of alleged ineffective assistance are based on defense counsel's failure to make a particular motion or argument, we again note that an attorney's failure to "make a motion or argument that has little or no chance of success" does not amount to ineffective assistance (*Stultz*, 2 NY3d at 287). To the extent that defendant contends that defense counsel was ineffective in failing to retain an expert witness, we reject that contention. " 'Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684; *see People v Aikey*, 94 AD3d 1485, 1487, *lv denied* 19 NY3d 956). Moreover, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Defendant failed to preserve for our review his contention that the indictment was facially deficient (*see* CPL 470.05 [2]; *see also People v Soto*, 44 NY2d 683, 684), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the court did not err in admitting in evidence testimony of defendant's abuse of the victims that occurred after each victim turned 13 years old (*cf.* Penal Law §§

130.75 [1] [b]; 130.80 [1] [b]), inasmuch as such evidence
" 'complete[d] the narrative of the events charged in the indictment .
. . , and it also provided necessary background information' " (*People
v Workman*, 56 AD3d 1155, 1156, *lv denied* 12 NY3d 789; *see generally
People v Leeson*, 12 NY3d 823, 826-827).  Defendant's additional
contention that Penal Law §§ 130.75 and 130.80 are unconstitutionally
vague is not properly before us.  Defendant failed to give the
requisite notice to the Attorney General (*see* Executive Law § 71 [3];
*People v Woodard*, 83 AD3d 1440, 1442, *lv denied* 17 NY3d 803), and he
failed to preserve that contention for our review (*see Woodard*, 83
AD3d at 1442).

Finally, we reject the contention of defendant that cumulative
errors deprived him of a fair trial.