# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**125**

**KA 13-02107**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MICHAEL D. AGEE, DEFENDANT-APPELLANT.

---

ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered March 14, 2013. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree, robbery in the first degree, and robbery in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), robbery in the first degree (§ 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). The attempted robbery involved a store, and the robbery counts involved a food delivery person two days later.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent with respect to the attempted robbery count inasmuch as his motion for a trial order of dismissal was not specifically directed at that issue (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. The evidence established that defendant entered the store in the company of another person, approached an employee behind a desk, claimed that he had gold to sell to the store, and called over a second employee. When the second employee approached, defendant pulled out a loaded revolver and pointed it at the second employee's face. When defendant turned to look at a third employee, the second employee tackled defendant. A scuffle ensued, and defendant and his companion fled. A witness testified that she saw defendant, who was holding a gun, and his companion flee from the vicinity of the store and enter a vehicle that was waiting with its engine running. There was also evidence that, several times before the attempted robbery of the store, defendant had tried to sell items to the store, but was unsuccessful in doing so. In addition, on the day before the attempted robbery, defendant entered the store and asked about its

hours of business.  Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a " 'valid line of reasoning and permissible inferences [that] could lead a rational person' " to the conclusion reached by the jury, i.e., that defendant intended to forcibly steal property while displaying a firearm (*People v Bleakley*, 69 NY2d 490, 495; Penal Law § 160.15 [4]).

Defendant further contends that the verdict with respect to his conviction of the robbery counts is against the weight of the evidence.  Although there was conflicting testimony whether defendant committed those crimes and, thus, "an acquittal would not have been unreasonable" (*People v Danielson*, 9 NY3d 342, 348; *see generally Bleakley*, 69 NY2d at 495), we conclude that, viewing the evidence in light of the elements of those crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).
" '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (*People v West*, 118 AD3d 1450, 1451-1452, *lv denied* 24 NY3d 1048), and we see no reason to disturb the jury's determination of those issues in this case.

Defendant contends that the prosecutor violated County Court's *Sandoval* ruling by cross-examining him regarding an uncharged crime, and that he was thereby deprived of a fair trial by prosecutorial misconduct.  That contention is without merit.  The court struck the testimony concerning the uncharged crime and instructed the jury to disregard that testimony, and the jury is presumed to have followed the court's curative instruction (*see People v Mims*, 278 AD2d 822, 823, *lv denied* 96 NY2d 832; *see also People v O'Neal*, 38 AD3d 1305, 1307, *lv denied* 9 NY3d 848).  We reject defendant's contention that cumulative errors deprived him of a fair trial (*see West*, 118 AD3d at 1452).

We reject defendant's further contention that he was denied due process and effective assistance of counsel during the sentencing proceeding when defense counsel declined to speak on his behalf.  We conclude that "no statement made by defense counsel at sentencing 'would have had an impact on the sentence imposed' " (*People v Saladeen*, 12 AD3d 1179, 1180, *lv denied* 4 NY3d 767).

We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 501).  Defendant was convicted of an armed felony offense, and the court therefore was required "to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3) . . . [and] make such a determination on the record" (*People v Middlebrooks*, ___ NY3d ___, ___ [June 11, 2015]).  Inasmuch as the court failed to do so here, we hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender"

(*Rudolph*, 21 NY3d at 503).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court