People v Suarez (2019 NY Slip Op 06314)





People v Suarez


2019 NY Slip Op 06314


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


647 KA 18-00499

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORGE SUAREZ, ALSO KNOWN AS BEBE/SUARE, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 21, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's conviction arises from a fatal shooting at a bar. We reject defendant's contentions that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. The People presented evidence establishing every element of the crimes charged and defendant's commission thereof (see generally People v Moore, 78 AD3d 1658, 1659 [4th Dept 2010]). The fact that none of the witnesses testified as to seeing defendant fire the shot that killed the victim " does not render the evidence legally insufficient, inasmuch as there was ample circumstantial evidence establishing defendant's identity as the shooter' " (People v Clark, 142 AD3d 1339, 1341 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). Additionally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Agee, 129 AD3d 1559, 1560 [4th Dept 2015]).
Finally, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court