People v Farrell (2022 NY Slip Op 05388)

People v Farrell

2022 NY Slip Op 05388

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

588 KA 19-01600

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD FARRELL, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered June 20, 2019. The judgment convicted defendant upon a plea of guilty of attempted sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]), defendant contends that his waiver of the right to appeal is invalid and that the imposition of certain surcharges and an internet restriction at sentencing was illegal. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see generally People v Thomas, 34 NY3d 545, 560-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we conclude that defendant failed to preserve his contention that the imposition of the mandatory surcharge and the supplemental sex offense surcharge was illegal (see People v Stebbins, 171 AD3d 1395, 1397 [3d Dept 2019], lv denied 33 NY3d 1108 [2019]; People v Parker, 137 AD3d 1625, 1626 [4th Dept 2016]; People v King, 57 AD3d 1495, 1496 [4th Dept 2008]). In any event, that contention lacks merit inasmuch as the statute requires the imposition of those surcharges (see Penal Law § 60.35 [1] [a] [i]; [b]; see generally People v Guerrero, 12 NY3d 45, 48 [2009]). We have considered defendant's further contention concerning the internet restriction imposed at sentencing and we conclude that it lacks merit.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court