People v Peters (2023 NY Slip Op 00793)

People v Peters

2023 NY Slip Op 00793

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1045 KA 21-01632

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAVION A. PETERS, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Thomas E. Moran, J.), rendered June 28, 2021. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment, entered after a violation of probation hearing, revoking the sentence of probation imposed on his conviction of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and sentencing him to a determinate term of incarceration, followed by a period of postrelease supervision. We affirm.
We reject defendant's contention that he was deprived of effective assistance of counsel with respect to sentencing. We conclude that "no statement made by defense counsel at sentencing 'would have had an impact on the sentence imposed' " (People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]; see People v Barksdale, 191 AD3d 1370, 1373 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; People v Agee, 129 AD3d 1559, 1561 [4th Dept 2015]). Based on our review of the entire record, we conclude that " 'the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defendant's attorneys] provided meaningful representation' " with respect to sentencing (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 147 [1981]).
The sentence is not unduly harsh or severe.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court