■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWAL MOHAMMED, Appellant.—Judgment unanimously modified on the law and as modified affirmed and defendant remanded to Supreme Court, Onondaga County, for resentencing, all in accordance with the following memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03). He was sentenced to concurrent indeterminate terms of 5 to 15 years for the attempted murder and assault convictions and 3 to 9 years for the weapons possession conviction arising out of the shooting of Mahmoud Al-Musa. These sentences were consecutive to the concurrent indeterminate terms of 5 to 15 years and 3 to 5 years imposed for the attempted murder and weapons possession convictions arising out of the attempted shooting of defendant's wife, Theresa Mohammed.

There is no merit to defendant's claim that he was denied his constitutional right to effective assistance of counsel *(see,* US Const 6th Amend; NY Const, art I, § 6). The record clearly demonstrates that defendant was provided "meaningful representation", thus satisfying the constitutional requirement *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 146-147).

There is a discrepancy between the sentencing minutes and the order of commitment with respect to the sentence imposed on the conviction for criminal possession of a weapon count relating to Theresa Mohammed. The sentencing minutes indicate that the court imposed an indeterminate sentence of 3 to 5 years, whereas the order of commitment indicates that defendant received a sentence of 3 to 9 years. The People concede that defendant may have been improperly sentenced to 3 to 5 years on the weapons conviction because the court failed to set the minimum at one third of the maximum as required *(see,* Penal Law § 70.00 [1], [2] [c]; [3] [b]; [4]; *People v*

*Paxhia,* 140 AD2d 962, 963, *lv denied* 72 NY2d 960). A sentence which is invalid as a matter of law cannot stand *(see,* CPL 470.15 [2] [c]; *People v Peale,* 122 AD2d 353, 354). While it would be logical to conclude that the court intended to impose the same sentences on each of the similar charges relating to each victim, we nevertheless remit the matter for resentencing on this one count. The sentencing court should clarify whether the order of commitment accurately reflects the sentence that the court intended to impose. Defendant was not deprived of a fair trial by prosecutorial misconduct which occurred during the prosecutor's summation. We agree that many of the prosecutor's comments were patently improper. The prosecutor improperly impugned the defense, commented on matters not in evidence, suggested that the defendant had a duty to present evidence and made a number of inflammatory and irrelevant remarks, particularly in reference to defendant's Moslem culture and status as an alien. However, defendant's counsel failed to object to most of these instances of impropriety and, where objections were made, they were sustained. While we must condemn the prosecutor's conduct, in view of the overwhelming evidence of guilt, it cannot be said that defendant was deprived of a fair trial *(see, People v Matta,* 144 AD2d 1014, 1015; *People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921).

We find the evidence was legally sufficient to support the conviction for the attempted murder of Theresa Mohammed even though the gun jammed when defendant pulled the trigger *(see, People v Davis,* 72 NY2d 32, 37; *People v Dlugash,* 41 NY2d 725, 735; *People v Trepanier,* 84 AD2d 374, 378).

We have reviewed the remaining issues raised and find that they were either not preserved for appellate review or are without merit. (Appeal from judgment of Supreme Court, Onondaga County, Murray, J.—attempted murder, second degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.