THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STAMPS, Appellant. [744 NYS2d 328] —Judgment, Supreme Court, New York County (Felice Shea, J., Bonnie Wittner, J., and Renee White, J., at pretrial proceedings; William Leibovitz, J., at jury trial and sentence), rendered May 25, 2000, convicting defendant of grand larceny in the fourth degree and bail jumping in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years, unanimously affirmed.

Upon review of the record, we find that defendant had counsel at the pretrial court appearances in question. Even if we were to accept defendant's claim that he was effectively without counsel at the time that a plea offer was conveyed by

the People, we would find no basis for reversal since it is abundantly clear that defendant had no interest in plea negotiations at that stage or at any other stage of this case.

The thorough inquiry conducted before defendant was permitted to represent himself at trial established that he understood the risks of proceeding pro se and that his waiver of his right to counsel was knowing and voluntary (*see, People v Arroyo*, 98 NY2d 101; *People v Smith*, 92 NY2d 516, 520), particularly in light of defendant's extensive prior involvement with the criminal justice system, which featured a prior trial in which he had also represented himself. The court had no reason to doubt defendant's mental competence (*see, People v Morgan*, 87 NY2d 878), and the fact that he may have made meritless legal arguments and exhibited strange notions about criminal procedure does not establish that he was incompetent to stand trial or represent himself (*see, People v Schoolfield*, 196 AD2d 111, 116-118, *lv denied* 83 NY2d 915).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.