# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**696**

**KA 10-01760**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

TYRONE L. MALONE, DEFENDANT-APPELLANT.

---

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered July 19, 2010. The judgment convicted defendant, upon a jury verdict, of attempted criminal sexual act in the first degree and sexual abuse in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [4]), defendant contends that he did not knowingly, voluntarily and intelligently waive his right to counsel before proceeding pro se at trial. We reject that contention. It is well settled that, before proceeding pro se, " 'a defendant must make a knowing, voluntary and intelligent waiver of the right to counsel' " (*People v Crampe*, 17 NY3d 469, 481, *cert denied* ___ US ___, 132 S Ct 1746), and we must determine whether he did so by reviewing "the whole record, not simply . . . the waiver colloquy" (*People v Providence*, 2 NY3d 579, 583). When defendant sought to proceed pro se, Supreme Court was required to conduct a " 'searching inquiry' . . . aimed at insuring that the defendant 'was aware of the dangers and disadvantages of proceeding without counsel' " (*id.* 582, quoting *People v Slaughter*, 78 NY2d 485, 492). Based on our review of the court's inquiry, as well as the earlier proceedings in the case, we conclude that defendant knowingly, intelligently and voluntarily waived his right to counsel.

Defendant further contends that his request to proceed pro se was not unequivocal due to his repeated statements that he did not wish to represent himself and that he wanted a new attorney. We reject that contention. Defendant's first attorney was relieved shortly after arraignment due to a conflict of interest arising from defendant's

wish to file a motion pursuant to CPL sections 190.50 (5) and 210.20, and the attorney's stated inability to support that motion.  A second attorney was assigned to defendant and, after the second attorney filed and argued, inter alia, the above-referenced motion, defendant indicated that he wanted to proceed pro se with standby counsel, or to have new counsel assigned, on the ground that he was not satisfied with his second attorney's representation.  In response, the court assigned a third attorney to represent defendant.  Several weeks before the scheduled trial date, defendant again sought permission either to proceed pro se with standby counsel or to have new counsel assigned.  The court, indicating its concerns that defendant again would be unable to work with a new assigned attorney and that the trial would be unnecessarily delayed, denied the request.  The court, however, ordered an examination of defendant pursuant to CPL article 730, the results of which confirmed that defendant was not an incapacitated person (see generally CPL 730.30 [2]).  Finally, several days before trial, defendant again sought new counsel, or permission to proceed pro se at trial.  At that point, the court questioned defendant regarding his education and experience with trials, explained the procedures that would govern the trial, noted the frequent lack of success experienced by pro se defendants, and denied defendant's request for another new attorney.  When the court then asked defendant if he wanted to proceed pro se, defendant initially equivocated and then indicated that he wanted to have new counsel assigned, but when the court subsequently asked him if he wanted to proceed pro se with standby counsel, defendant replied, "[y]eah.  I can do that.  Yeah."  When the court again asked if that was how defendant wanted to proceed, defendant consulted with the third assigned attorney and unequivocally replied "[y]es."

It is well-settled that a "defendant's conditioning of his request for new counsel with a request for self-representation [does] not necessarily render the latter request equivocal" (People v Gillian, 8 NY3d 85, 88).  Here, based on our review of the record, we conclude that "[t]he fact that defendant's request to proceed pro se had been preceded by an unsuccessful request for new counsel did not render the request equivocal . . . Defendant was not hesitant to represent himself, nor were his requests 'overshadowed' by numerous requests for new counsel, obstreperous demands or severely disruptive behavior" (People v Lewis, 114 AD3d 402, 404; see People v DePonceau, 96 AD3d 1345, 1346-1347, lv denied 19 NY3d 1025; cf. People v Jackson, 97 AD3d 693, 694, lv denied 20 NY3d 1100).

We also reject defendant's further contention that he was unable to waive his right to counsel by reason of his alleged mental health difficulties.  It is well settled that a defendant's mental capacity is just one of many issues that the court must consider in determining whether defendant has intelligently and voluntarily waived his right to counsel (see People v Stone, 22 NY3d 520, 527).  Here, the court directed that defendant be evaluated pursuant to CPL article 730 before deciding whether to grant his request to proceed pro se, and the results of that evaluation demonstrate that defendant was mentally competent, a factor that weighs in favor of our conclusion that defendant knowingly, voluntarily and intelligently waived his right to

counsel (*see People v Pelto*, 172 AD2d 1027, 1027, *lv denied* 78 NY2d 972; *cf. People v Tafari*, 68 AD3d 1540, 1541-1542; *see generally Stone*, 22 NY3d at 525-527).

Finally, we reject defendant's contention that his poor performance at trial demonstrates that the court erred in granting his request to represent himself. "Regardless of his lack of expertise and the rashness of his choice, defendant could choose to waive counsel [where, as here, the record reflects that] he did so knowingly and voluntarily" (*People v Vivenzio*, 62 NY2d 775, 776). It is well settled that, "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (*People v McIntyre*, 36 NY2d 10, 14 [internal quotation marks omitted]; *see United States ex rel. Maldonado v Denno*, 348 F2d 12, 15 [2d Cir 1965]; *see also Vivenzio*, 62 NY2d at 776).

Entered: July 3, 2014                          Frances E. Cafarell
                                               Clerk of the Court