People v Delgado (2020 NY Slip Op 02563)





People v Delgado


2020 NY Slip Op 02563


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


285 KA 16-02221

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTIN DELGADO, DEFENDANT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 20, 2016. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We note at the outset that the notice of appeal does not state the complete date of the judgment from which the appeal is taken. The notice of appeal is otherwise accurate, however, and we therefore "exercise our discretion, in the interest of justice, and treat the notice of appeal as valid" (People v Mitchell, 93 AD3d 1173, 1173 [4th Dept 2012], lv denied 19 NY3d 999 [2012]; see CPL 460.10 [6]; People v Rounds, 140 AD3d 1657, 1658 [4th Dept 2016], lv denied 28 NY3d 1031 [2016]).
Defendant contends that his plea was not voluntary because it was induced by Supreme Court's promise to grant him a "violent felony override" so that defendant could participate in certain programs of the Department of Corrections and Community Supervision, such as temporary release, a promise that he argues the court lacked the power to make (see People v Ballato, 128 AD3d 846, 847 [2d Dept 2015]). Initially, we agree with defendant that his contention "is not subject to the preservation requirement, since he could not be expected to object to the . . . [c]ourt's [purported illusory] promise under the circumstances" (id.; cf. People v Turner, 24 NY3d 254, 258 [2014]). We reject defendant's contention, however, because the record establishes that "neither [his] eligibility for [the temporary release program] . . . nor his ultimate" admission to such a program "was a condition of the plea" (People v Williams, 84 AD3d 1417, 1418 [2d Dept 2011], lv denied 17 NY3d 863 [2011]; see also People v Demick, 138 AD3d 1486, 1486 [4th Dept 2016], lv denied 27 NY3d 1150 [2016]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court