People v Herbin (2020 NY Slip Op 05701)





People v Herbin


2020 NY Slip Op 05701


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Ind No. 2754/16 Appeal No. 12023 Case No. 2018-2515 

[*1]The People of the State of New York, Respondent,
v
Reginald Herbin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Vincent Rivellese of counsel), for respondent. 



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at colloquies on self-representation; Gilbert C. Hong, J. at suppression hearing, jury trial and sentencing), rendered September 18, 2017, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating defendant's sentence and remanding for resentencing, including a new second felony offender proceeding, and otherwise affirmed.
The court engaged in an appropriately searching inquiry, which was sufficient to establish defendant's mental capacity to waive counsel (see People v Stone, 22 NY3d 520 [2014]). Defendant's expression of strange beliefs about law did not disqualify him from exercising his right of self-representation (see People v Stamps, 296 AD2d 325, 326 [1st Dept 2002], lv denied 100 NY2d 543 [2003]). Although defendant repeatedly replied to the court's questions by saying that he did not understand, the record supports the conclusion that these replies did not demonstrate a genuine lack of comprehension, but instead indicated recalcitrance and attempts to repeatedly assert defendant's bizarre legal claims. We also note that defendant does not challenge a finding of competency to stand trial made after CPL article 730 proceedings.
The court properly denied defendant's suppression motion. Furthermore, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the respective credibility determinations made by the hearing court and by the jury.
Defendant did not preserve his claim that the court should have given him more time to attempt to secure the presence of a witness. Defendant did not ask for an adjournment when he was unable to serve a subpoena and produce the witness by the designated day, which was the last day of trial. There is nothing in the record to establish that a request for a further adjournment would have been futile. Defendant also failed to preserve his claim that he was constitutionally entitled to the continuance (see People v Lane, 7 NY3d 888, 889 [2006]) and we decline to review these claims in the interest of justice. As an alternative holding, we find that defendant was not entitled to a further delay of the trial. Defendant failed to provide a subpoena for the court to sign until late in the trial, although he knew of the witness's alleged significance from the outset and ignored the court's advice to have his legal advisor assist him in the subpoena process. Further, defendant failed to demonstrate that the witness could be located or was likely to testify (see generally People v Foy, 32 NY2d 473 [1973]).
Defendant was not entitled to an instruction that a presumption is rebuttable, because the court never instructed the jury on any presumption. The People's argument in summation that a reasonable inference be drawn from the evidence did not reference a presumption and did not require any special instruction by the court.
Defendant's claim that the sentence should be vacated because the conviction upon which the court relied to sentence defendant as a second felony offender was subsequently reversed, is not preserved and should have been made in a CPL §440 motion. However, in the interest of justice we vacate the sentence, and remand for further proceedings. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020