People v Barksdale (2021 NY Slip Op 00748)





People v Barksdale


2021 NY Slip Op 00748


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1062 KA 17-01486

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH B. BARKSDALE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KENNETH B. BARKSDALE, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 24, 2017. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We affirm.
To the extent that defendant contends in his main brief that the evidence is legally insufficient to support the conviction, that contention is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Nonetheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " raised in his main and pro se supplemental briefs (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349 [2007]). Here, viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[E]ven assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the jurors failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]; see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention in his main brief that he was denied effective assistance of counsel. Defendant's claim that defense counsel was ineffective when he did not challenge a prospective juror during jury selection is without merit because defendant " 'failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge th[e] prospective juror[]' " (People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020]; see People v Maffei, 35 NY3d 264, 265-274 [2020]; People v Barboni, 21 NY3d 393, 406-407 [2013]). Defendant further claims that, as demonstrated by on-the-record disagreements between himself and defense counsel, he was denied effective assistance based on defense counsel's decisions related to calling witnesses and introducing certain evidence. We reject that claim inasmuch as defendant "failed to demonstrate that those alleged errors were not strategic in nature . . . , and mere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective" [*2](People v Henry, 74 AD3d 1860, 1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; see People v Cole, 179 AD3d 1505, 1507 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]). To the extent that these claims are dependent on matters outside the record on direct appeal, "the appropriate procedure for the litigation of defendant's challenge to his counsel's performance is a CPL 440.10 motion" (Maffei, 35 NY3d at 266; see People v Smith, 145 AD3d 1628, 1630 [4th Dept 2016], lv denied 31 NY3d 1017 [2018]). Defendant's additional claim that defense counsel did not adequately challenge a search warrant is without merit inasmuch as "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (People v Francis, 63 AD3d 1644, 1644 [4th Dept 2009], lv denied 13 NY3d 835 [2009] [internal quotation marks omitted]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). To the extent that defendant's ineffective assistance claims in his pro se supplemental brief are reviewable on the record before us, we conclude that they are without merit (see generally Caban, 5 NY3d at 152; People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant also contends in his main brief that County Court erred in granting his midtrial request to proceed pro se prior to summations. We reject that contention. "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Crespo, 32 NY3d 176, 178 [2018], cert denied — US &mdash, 140 S Ct 148 [2019]). With respect to the first prong, "[a]lthough the right to represent oneself is 'severely constricted' once a trial has begun, an otherwise untimely motion to proceed pro se may still 'be granted in the trial court's discretion and . . . in compelling circumstances' " (People v Hassan, 159 AD3d 1390, 1391 [4th Dept 2018], lv denied 31 NY3d 1148 [2018], quoting McIntyre, 36 NY2d at 17; see Crespo, 32 NY3d at 184-185; Matter of Kathleen K. [Steven K.], 17 NY3d 380, 387 [2011]).
Here, contrary to defendant's assertion, we conclude on this record that the court did not abuse its discretion in considering and granting defendant's request despite its untimeliness (see Hassan, 159 AD3d at 1391; People v Dashnaw, 116 AD3d 1222, 1231-1232 [3d Dept 2014], lv denied 23 NY3d 1019 [2014]). Contrary to defendant's further assertion, we conclude that defendant's request "was unequivocal and was not made simply in the alternative to seeking substitute counsel" (People v Coffee, 151 AD3d 1837, 1838 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]; see People v Paulin, 140 AD3d 985, 987 [2d Dept 2016], lv denied 28 NY3d 935 [2016]; cf. People v Gillian, 8 NY3d 85, 88 [2006]). Indeed, the record establishes that defendant's request "reflect[ed] a purposeful decision to relinquish the benefit of counsel and proceed singularly" (Kathleen K., 17 NY3d at 386). Defendant also asserts that his alleged poor performance while proceeding pro se demonstrates that the court erred in granting his request to represent himself. That assertion lacks merit. "Regardless of his lack of expertise and the rashness of his choice, defendant could choose to waive counsel [where, as here, the record reflects that] he did so knowingly and voluntarily" (People v Vivenzio, 62 NY2d 775, 776 [1984]; see People v Malone, 119 AD3d 1352, 1355 [4th Dept 2014], lv denied 24 NY3d 1003 [2014]). It is well settled that, "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (McIntyre, 36 NY2d at 14 [internal quotation marks omitted]; see Malone, 119 AD3d at 1355).
We reject defendant's contention in his main brief that he was denied effective assistance of counsel at sentencing. The record establishes that defendant's new counsel, who did not participate in the trial, was assigned for the limited purpose of assisting defendant in challenging his predicate felon status, and defendant raises no challenge to the effectiveness of that assistance. Although defendant's new counsel indicated that he was, as a result of his limited representation, unable to make an argument with respect to the appropriate sentence, defendant, who remained pro se at the sentencing proceeding, was afforded and took advantage of the opportunity to make a statement on his own behalf seeking leniency (see CPL 380.50 [1]). In any event, given the nature of defendant's criminal record and the criminal conduct herein, we conclude that "no statement made by [new] counsel at sentencing 'would have had an impact on the sentence imposed' " (People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]; see People v Agee, 129 AD3d 1559, 1561 [4th Dept 2015]). Likewise, to the [*3]extent that defendant contends that he was denied his right to counsel at sentencing, any violation of that right "had no adverse impact, and he is not entitled to the remedy of a remand for resentencing . . . , which would serve no useful purpose" (People v Rohadfox, 175 AD3d 1813, 1815 [4th Dept 2019], lv denied 34 NY3d 1019 [2019] [internal quotation marks omitted]; see People v Johnson, 20 NY3d 990, 991 [2013]; People v Adams, 52 AD3d 243, 243-244 [1st Dept 2008], lv denied 11 NY3d 829 [2008]).
Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. We agree with defendant and the People correctly concede, however, that the uniform sentence and commitment form should be amended to reflect that defendant was sentenced as a second felony drug offender (see People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]).
Finally, we have reviewed the remaining contentions raised in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court