People v Abdullah (2021 NY Slip Op 02890)





People v Abdullah


2021 NY Slip Op 02890


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


56 KA 18-01541

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAWUD ABDULLAH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Rory A. McMahon, A.J.), rendered May 17, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the third degree, harassment in the second degree and criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), harassment in the second degree
(§ 240.26 [1]), and criminal contempt in the second degree (§ 215.50 [3]). We affirm.
Initially, we reject defendant's contention that County Court erred in failing to conduct a sufficient inquiry into his request to represent himself at trial. "[A]n application to proceed pro se must be denied unless defendant effectuates a knowing, voluntary and intelligent waiver of the right to counsel . . . To this end, trial courts must conduct a 'searching inquiry' to clarify that defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d 520, 525 [2014]). In other words, a "searching inquiry" is required to "warn defendant of the risks inherent in representing himself [or herself]" and to "apprise him [or her] of the value of counsel" (People v Kaltenbach, 60 NY2d 797, 799 [1983] [internal quotation marks omitted]; see People v Crampe, 17 NY3d 469, 481 [2011], cert denied 565 US 1261 [2012]).
Here, upon our review of "the whole record, not simply . . . [the] waiver colloquy" (People v Providence, 2 NY3d 579, 581 [2004]), we conclude that defendant made a knowing, voluntary and intelligent waiver of his right to counsel. The court conducted the requisite searching inquiry, during which defendant stated that he had been through a jury trial in a prior case and had a level of familiarity with criminal trials. Defendant also repeatedly expressed dissatisfaction with defense counsel. The court " 'had numerous opportunities to see and hear . . . defendant firsthand, and, thus, had general knowledge of defendant's age, literacy and familiarity with the criminal justice system' " (People v Chandler, 109 AD3d 1202, 1203 [4th Dept 2013], lv denied 23 NY3d 1019 [2014]; see People v Anderson, 94 AD3d 1010, 1012 [2d Dept 2012], lv denied 19 NY3d 956 [2012], reconsideration denied 19 NY3d 1101 [2012]). Additionally, the court fulfilled its obligation to ensure that defendant was
" 'aware of the dangers and disadvantages of self-representation' " (Providence, 2 NY3d at 582; see Chandler, 109 AD3d at 1203).
Defendant further contends that the jury instruction improperly changed the theory of the prosecution as charged in the indictment and narrowed by the bill of particulars, and subjected him to prosecution for an uncharged offense. That contention is not preserved for our review (see People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021]; People v Lynch, 191 AD3d 1476, [*2]1477 [4th Dept 2021]; see generally People v Allen, 24 NY3d 441, 449-450 [2014]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict convicting him of that crime is against the weight of the evidence with respect to the element of possession of a dangerous instrument (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified at trial that defendant arrived at her apartment with a wine bottle, which he used to attack her. "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]), and we perceive no basis to disturb its determination. The victim's testimony with respect to the wine bottle was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory," and therefore was not incredible as a matter of law (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018] [internal quotation marks omitted]; see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]).
Additionally, although the wine bottle was never recovered, that fact does not render the verdict against the weight of the evidence (see People v Cohens, 81 AD3d 1442, 1444 [4th Dept 2011], lv denied 16 NY3d 894 [2011]). Further, although in performing a weight of the evidence review we may consider the jury's verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n [2000]), we conclude that defendant's acquittal of an assault charge does not warrant a different conclusion with respect to the weapon possession charge (see generally People v Freeman, 298 AD2d 311, 311-312 [1st Dept 2002], lv denied 99 NY2d 582 [2003]). To the extent defendant contends that the evidence was legally insufficient to support the criminal possession of a weapon in the third degree conviction due to his acquittal of assault in the second degree, we conclude that his "masked repugnancy argument" is unpreserved because he did not raise it prior to the jury's discharge (People v Smith, 197 AD2d 373, 373 [1st Dept 1993], lv denied 82 NY2d 903 [1993] [internal quotation marks omitted]).
Finally, contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court