People v Miller (2022 NY Slip Op 02688)

People v Miller

2022 NY Slip Op 02688

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

282 KA 18-01058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAKOTA M. MILLER, DEFENDANT-APPELLANT. 

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Brian D. Dennis, A.J.), rendered September 5, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree and manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [4]) and manslaughter in the first degree (§ 125.20 [4]), defendant contends that he was denied a fair trial by prosecutorial misconduct. Defendant failed to preserve for our review his contention with respect to the majority of the alleged instances of misconduct inasmuch as he did not object to any of those alleged instances (see People v Johnson, 133 AD3d 1309, 1311 [4th Dept 2015], lv denied 27 NY3d 1000 [2016]; People v Paul, 78 AD3d 1684, 1684-1685 [4th Dept 2010], lv denied 16 NY3d 834 [2011]), and we decline to exercise our power to review defendant's contention with respect to those instances as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to the instances of alleged prosecutorial misconduct that are preserved for our review, we agree with defendant that the People's use of defendant's pretrial silence was improper (see generally People v Pavone, 26 NY3d 629, 639 [2015]; People v Williams, 25 NY3d 185, 191 [2015]), but we conclude that the error is harmless (see Pavone, 26 NY3d at 643, 646; Johnson, 133 AD3d at 1311-1312).
Defendant contends that County Court erred in denying his for-cause challenges to two prospective jurors. Even assuming, arguendo, that the court erred, we conclude that the error does not require reversal because defendant had not exhausted his peremptory challenges at the time of the challenges for cause, and the People, not defendant, exercised peremptory challenges to remove those prospective jurors (see CPL 270.20 [2]; People v Smith, 200 AD3d 1689, 1690-1691 [4th Dept 2021], lv denied — NY3d — [Mar. 9, 2022]). Contrary to defendant's further contention, the court did not abuse its discretion in refusing to allow the jurors to take notes (see People v Egan, 6 AD3d 1203, 1204 [4th Dept 2004], lv denied 3 NY3d 639 [2004]; People v Thornton, 4 AD3d 561, 563 [3d Dept 2004], lv denied 2 NY3d 808 [2004]) and allowing certain photographs in evidence (see People v White-Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]; People v Morris, 138 AD3d 1408, 1409-1410 [4th Dept 2016], lv denied 27 NY3d 1136 [2016]).
We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining [*2]contention and conclude that it is without merit.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court