People v Caldwell (2022 NY Slip Op 07325)

People v Caldwell

2022 NY Slip Op 07325

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

761 KA 19-00213

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TARQUIN Q. CALDWELL, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (John B. Gallagher, Jr., J.), rendered December 7, 2018. The judgment convicted defendant upon a jury verdict of criminal contempt in the first degree (six counts) and aggravated family offense (six counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the convictions of criminal contempt in the first degree (Penal Law § 215.51 [c]) under counts 4, 6, 8, 10 and 12 of the indictment to criminal contempt in the second degree (§ 215.50 [3]), and by vacating the sentences imposed on those counts and on count 5, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for sentencing on the convictions of criminal contempt in the second degree and resentencing on count 5.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of six counts each of criminal contempt in the first degree (Penal Law § 215.51 [c]) and aggravated family offense
(§ 240.75 [1]). The final five counts of criminal contempt in the first degree, i.e., counts 4, 6, 8, 10 and 12 of the indictment, are based on evidence establishing that an order of protection had been issued against defendant for the benefit of a person and that on five occasions defendant made telephone calls from the Monroe County Jail to that person. As defendant contends, and the People correctly concede, the evidence with respect to those counts is legally insufficient. With respect to those counts, the People were required to establish that defendant committed the crime of criminal contempt in the second degree (§ 215.50 [3]), and that he did so "by violating that part of a duly served order of protection . . . which requires the . . . defendant to stay away from the person or persons on whose behalf the order was issued" (§ 215.51 [c]). Here, defendant was in jail when the calls at issue were made and the People failed to "prove[], beyond a reasonable doubt, that defendant had any contact with the protected person during the charged incident[s]" (People v Crittenden, 188 AD3d 1739, 1740 [4th Dept 2020], lv denied 36 NY3d 1056 [2021]; see People v Dewall, 15 AD3d 498, 499-501 [2d Dept 2005], lv denied 5 NY3d 787 [2005]). Nevertheless, the evidence is legally sufficient to establish the lesser included offense of criminal contempt in the second degree (see generally Crittenden, 188 AD3d at 1741), and we therefore modify the judgment accordingly. We have considered defendant's remaining challenges to the legal sufficiency of the evidence and we conclude that they do not require reversal or further modification of the judgment.
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes of criminal contempt in the first degree under count one of the indictment, criminal contempt in the second degree and aggravated family offense as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, we note that a discrepancy between the sentencing minutes and the certificate of conviction and uniform sentence and commitment form requires vacatur of the sentence imposed on the conviction of aggravated family offense under count five of the indictment. The minutes from the sentencing proceeding indicate that Supreme Court directed that the sentence on that count be served consecutively to the remaining sentences, but both the certificate of conviction and uniform sentence and commitment form indicate that all of the sentences are to be served concurrently. Inasmuch as the court clerk who prepared those documents may have erred in writing that the sentences imposed are to be served concurrently, and because it is well settled that courts have the " 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth' " (People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982]; see People v Gammon, 19 NY3d 893, 895-896 [2012]), we further modify the judgment by vacating the sentence imposed on count five of the indictment and we remit the matter to Supreme Court for resentencing on that count so that the court may correct the record by indicating whether that sentence imposed on count five is to run consecutively to or concurrently with the sentences imposed on other counts. Because we are remitting for resentencing on that count, we also direct the court on remittal to sentence defendant on the five counts of criminal contempt in the second degree.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court