People v Morris (2024 NY Slip Op 05676)

People v Morris

2024 NY Slip Op 05676

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

637 KA 24-00474

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMIEN MORRIS, DEFENDANT-APPELLANT. 

PAUL G. DELL, BUFFALO, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered May 1, 2023. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree and dismissing count 2 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree
(§ 265.03 [1] [b]).
We reject defendant's contention that County Court erred in permitting him to proceed pro se at trial. "[A]n application to proceed pro se must be denied unless [the] defendant effectuates a knowing, voluntary and intelligent waiver of the right to counsel
. . . To this end, trial courts must conduct a 'searching inquiry' to clarify that [the] defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d 520, 525 [2014]; see People v Abdullah, 194 AD3d 1346, 1346 [4th Dept 2021], lv denied 37 NY3d 990 [2021]). "In other words, a searching inquiry is required to warn [the] defendant of the risks inherent in [proceeding pro se] and to apprise [the defendant] of the value of counsel" (Abdullah, 194 AD3d at 1346 [internal quotation marks omitted]). We conclude that the court conducted an adequate searching inquiry before determining that defendant's waiver of the right to counsel was knowing, voluntary, and intelligent. Defendant relatedly contends that the waiver colloquy was inadequate because the court failed to inquire whether defendant was under the influence of medication. We reject that contention. We note that the court inquired whether defendant had "ever received any treatment for a mental illness" and whether defendant had "received any treatment for a physical condition that ha[d] affected [his] ability to understand," and defendant responded in the negative to both inquiries. It is within the trial court's discretion to determine whether its searching inquiry should include "a particularized assessment of [the] defendant's mental capacity when resolving [a] request to proceed pro se" (Stone, 22 NY3d at 529). In view of the whole record (see People v Providence, 2 NY3d 579, 583 [2004]), we conclude that the court did not abuse its discretion in declining to undertake further assessment of whether defendant suffered from any mental impairment as a result of medication.
Defendant contends that he was denied a fair trial because the prosecutor, inter alia, made improper comments during the opening statement, elicited improper testimony in regard to defendant's selective silence, and made improper comments during summation on the court's denial of a justification charge. As defendant correctly concedes, that contention is unpreserved [*2]for appellate review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Miller, 204 AD3d 1438, 1438 [4th Dept 2022], lv denied 40 NY3d 935 [2023]; see generally People v Pavone, 26 NY3d 629, 638 [2015]).
Finally, defendant contends that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree because the People presented undisputed evidence that he had a valid firearm license, and thus the People necessarily failed to disprove beyond a reasonable doubt the defense that defendant was exempt from prosecution pursuant to Penal Law
§ 265.20 (a) (3). Although defendant failed to preserve that contention for our review (see CPL 470.05 [2]; see generally People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]), under the circumstances of this case, including that the People do not oppose dismissal of the subject count, we exercise our power to address the unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Inasmuch as the evidence presented at trial established that defendant was exempt from prosecution for criminal possession of a weapon pursuant to Penal Law § 265.20 (a) (3), we modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 and dismissing count 2 of the indictment (see generally People v Parker, 52 NY2d 935, 936 [1981], revg on dissent below 70 AD2d 387, 391-394 [1st Dept 1979] [Birns, J., dissenting]; People v Davis, 193 AD2d 954, 955-956 [3d Dept 1993]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court